UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CORY GILLILAND, | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 22-1083 |
| | ) |
| OFFICER EDLEMAN, et. al., | ) |
|    Defendants | ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendants Dr. Edelman, Nurse Ashley, and Unknown Third Shift Correctional Officials violated his constitutional rights at the Peoria County Jail.

Plaintiff says on February 5, 2022, he was meeting with an unnamed individual concerning a back and neck injury when he was asked questions regarding post-traumatic stress disorder, anxiety, and depression. Plaintiff was specifically asked if he was suicidal, and he replied that he was feeling fine.

Plaintiff returned to his cell, but approximately 20 minutes later Correctional Officer Muniez told Plaintiff he was being moved to a suicide watch cell. Plaintiff says he was denied all of his property and placed in a freezing cell with urine on the floor until February 7, 2022.

"Numerous district courts have explained that temporary placement on suicide watch, when not necessary, does not implicate a liberty interest protected by the Due Process Clause, nor does it amount to cruel and unusual punishment under the Eighth Amendment." *Mineau v. Atalie*, 2021 WL 1873562, at *3 (E.D.Wis. May 10, 2021)(internal citation omitted); *see also Bradley v. Jones*, 2020 WL 3412948, at *5 (S.D.Ill. June 22, 2020)("there is no constitutional right to avoid placement on suicide watch."); *Span v. Melvin*, 2018 WL 2944152, at *2 (C.D.Ill. June 12, 2018)(listing cases). However, it is possible Plaintiff may be able to state a claim based on his living conditions during this time. For instance, Plaintiff says the cell was freezing and had urine on the floor. It is not clear if Plaintiff intended to allege a conditions of confinement claim, but if so, he has failed to state who knew about the conditions of his cell and failed to take any action.

After he was released from the suicide cell, Plaintiff was advised all of his belongs were misplaced. Plaintiff asked to speak to his attorney, and Defendant Edleman told Plaintiff he could spend the weekend in a suicide watch cell based on his request. Plaintiff again says he was not suicidal.

Although Plaintiff does not have a constitutional right to avoid placement in a suicide watch cell, Plaintiff now alleges Defendant Edleman intentionally placed him in the cell in retaliation for asking to talk with his attorney. To state a retaliation claim,

2

Hoban must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir.2009) (internal quotations omitted). Plaintiff has adequately stated a claim against Defendant Edleman. *See Janda v. Davies*, 2021 WL 131461, at *5 (W.D.Wis.May 10, 2021)(plaintiff alleges officer "retaliated against her in 2012 by placing her in the medical observation cell after she requested an attorney.").

Plaintiff's complaint then includes some random statements such as "Medical Malpractice by Ashley regarding individual w/disability February 5-7, 2022, damage to shoulder." (Comp, p. 6). If Plaintiff was attempting to state a claim, he has failed to provide a factual basis. For instance, how was Plaintiff's shoulder injured and what care did he need? What did Defendant Ashley do or how is she is responsible for this claim? Finally, medical malpractice is not a constitutional violation. Instead, it is a violation of state law and requires an affidavit with the complaint providing required information about Plaintiff's condition. *See* 735 Ill. Comp. Stat. § 5/2-622(a); *see also Young v. United States*, 942 F.3d. 349, (7th Cir. Nov. 4, 2019).

Plaintiff also includes a paragraph discussing an "abuse of power corruption by Peoria Police Department," but it is not clear what specific claims Plaintiff intended to allege, nor which of the named Defendants were involved, nor how the claim is related to any other claims in his complaint. (Comp, p. 6). Plaintiff is advised he cannot combine unrelated claims against different defendants in one complaint. *See George v*

3

*Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2). For instance, Plaintiff's retaliation claim against Defendant Edleman does not appear to be related to Plaintiff's claim concerning his living conditions during a different time period, nor to his claims involving his shoulder, nor to his claims concerning his criminal case. Therefore, Plaintiff may proceed only with his claim against Defendant Edleman in this lawsuit and all other claims and Defendants are dismissed.

Plaintiff has also filed a motion for appointment of counsel. [4]. The Court cannot require an attorney to accept *pro bono* appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must consider two questions. First, "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021); *citing Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017).

Plaintiff has failed to demonstrate he made any attempt to find an attorney on his own such as a list of attorneys contacted or copies of letters sent or received. Therefore, his motion is denied with leave to renew. [4].

4

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendant Edleman violated his First Amendment rights on or about February 7, 2022, when he placed Plaintiff in a suicide watch cell in retaliation for asking to speak with his attorney about his missing property. The claim is stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Ashley and Unknown Third Shift Officers for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A;  2) Deny Plaintiff's Motion for Appointment of Counsel with leave to renew, [4];  3) Attempt service on Defendant pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 13th day of May, 2022.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE