UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CORY GILLILAND, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-1083-JES |
| | ) |
| EDDLEMON, | ) |
| | ) |
| Defendant. | ) |

### ORDER ON MOTION FOR SUMMARY JUDGMENT

Plaintiff, proceeding *pro se*, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was detained at the Peoria County Jail ("Jail"). Now before the Court is Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(D). (Doc. 16). For the reasons stated below, Defendant's Motion is GRANTED.

### PROCEDURAL HISTORY

On March 21, 2022, Plaintiff filed a Complaint against Defendant Correctional Officer Eddlemon, "unknown third shift employees" of the Jail, and one medical staff member. (Doc. 1). Plaintiff alleged Defendant Eddlemon placed him on suicide watch on February 5, 2022, in retaliation for requesting to speak with his attorney. Plaintiff alleges he was placed in a freezing cold cell with urine on the floor until February 7, 2022.

On May 13, 2022, the Court issued a Merit Review Order finding that Plaintiff stated a First Amendment retaliation claim against Defendant Eddlemon. (Doc. 8). Plaintiff's claims against the unknown third shift employees and medical staff member were dismissed. *Id.*

1

On August 31, 2022, Defendant Eddlemon filed a Motion for Summary Judgment, arguing that Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C § 1997e(a). (Docs. 16, 17, 20).

Plaintiff filed a short response on September 19, 2022. (Doc. 22). Plaintiff claimed he was missing copies of his grievances and stated he needed counsel to help him respond to Defendant's motion. (Doc. 22).

On April 25, 2023, the Court provided Plaintiff a final extension of time to file a response and instructed Plaintiff that if he filed a grievance to address his surviving claim, his response should state when he filed it, how he filed it, and what it said. (d/e 4/25/2023). Plaintiff filed his supplemental response on May 10, 2023. (Doc. 27). This Order now follows.

## MATERIAL FACTS

Plaintiff was booked into the Jail on December 20, 2021. (Doc. 17-1 at ¶ 5). He was given a copy of a document entitled "Inmate Rules, Regulations, and Information" ("Inmate Handbook"), which contained policies and procedures regarding inmate grievances and appeals. *Id.* at ¶ 6. The Inmate Handbook stated:

<u>**INMATE COMPLAINTS**</u>

    A. Complaint limitations – Complaints are only valid if they allege that services are substandard or that a rule, regulation, or officers' conduct is improper.
    B. Filing of a Complaint – All complaints must be submitted on the kiosk in the grievance section within five days of the alleged incident.
    C. Response to Complaints – All complaints will be answered by a designated staff member.
    D. Appeals – An inmate not satisfied with the response to a complaint may, by submitting a kiosk grievance, ask that the answer be reviewed by the

> Correctional Superintendent or his designee within five days of the response. If still not satisfied with the response to a complaint after being reviewed by the Correctional Superintendent or his designee the inmate shall forward his or her complaint to the Illinois Office of Jail and Detention Standards.

(*Id.*; Doc. 17-2). From December 20, 2021, until his Complaint was filed on March 21, 2022, Plaintiff submitted forty-four grievances through the Jail's kiosk system. (Doc. 17-1 at ¶ 7; Doc. 17-3). None of his grievances related to Defendant Eddlemon. *Id.*

On February 6, 2022, at 6:28 a.m., Plaintiff filed a grievance that stated: "put on suicide watch when not even suicidal." *Id.* at 14. Nurse Eddlemon, who is not the named Defendant, responded to Plaintiff's grievance at 8:14 p.m. by stating: "You were placed on watch due to statements made when you were seen in medical. It was done at the discretion of security and medical staff." *Id.* Plaintiff did not appeal the response from Nurse Eddlemon.

Plaintiff filed several other grievances on February 6, 2022, related to missing items from his cell. *Id.* at 15-17. On February 9, 2022, Plaintiff filed a grievance seeking the identity of unknown third shift employees responsible for moving his property and a grievance complaining he was "left in grey water" in a flooded cell. *Id.* at 18-19.

Plaintiff received responses to all his grievances, but he did not appeal any of the responses. (Doc. 17-3).

Plaintiff did not dispute any of Defendants' Undisputed Material Facts in his response or supplemental response. (Docs. 22, 27). Therefore, these facts are deemed admitted. CDIL-LR 7.1(D)(2)(b)(6).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). However, a court's "favor toward the nonmoving party does not extend to drawing 'inferences that are only supported by speculation or conjecture.'" *Id*. In order to successfully oppose a motion for summary judgment, a plaintiff must do more than raise a "'metaphysical doubt' as to the material facts, and instead must present definite, competent evidence to rebut the motion." *Michael v. St. Joseph Cnty.*, 259 F.3d 842, 845 (7th Cir. 2001) (internal citation omitted). Plaintiff is the non-moving party, and the evidence and all reasonable inferences are viewed in the light most favorable to him. *Anderson*, 477 U.S. at 255.

## EXHAUSTION STANDARD

The PLRA prohibits prisoners from filing lawsuits pursuant to § 1983 "until such administrative remedies as are available are exhausted." § 1997e(a); *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) (pretrial detainees are "prisoners" for purposes of the

4

PLRA). Exhaustion of administrative remedies under § 1997e is a condition precedent to suit, *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 2009), and applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Failure to exhaust administrative remedies is an affirmative defense; the defendants have the burden of proving the inmate had available remedies he did not utilize. *See e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Dale v. Lappin*, 376 F.3d 652, 665 (7th Cir. 2004). Therefore, a lawsuit filed by a prisoner before he exhausted his administrative remedies must be dismissed because the district court lacks the discretion to resolve the claim on the merits. *Perez*, 182 F.3d at 535; *see also Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999).

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005); *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005). Unless an inmate completes the administrative process by following the rules the jail has established, exhaustion has not occurred. *Pozo*, 286 F.3d at 1023. Exhaustion means completing all stages of the process in a timely and proper manner. *Id.* at 1024. An inmate cannot satisfy the requirements under § 1997e by filing an untimely or otherwise procedurally defective grievance or appeal. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006).

Exhaustion is an affirmative defense, and the burden of proof is on the Defendant. *Dole*, 438 F.3d at 809.

**ANALYSIS**

Defendant argues Plaintiff did not exhaust his administrative remedies because he failed to follow the available administrative grievance procedures at the Jail. Plaintiff did not file a single grievance or complaint regarding Defendant Eddlemon's allegedly retaliatory conduct, nor did he file a grievance about being housed in a freezing cold cell with urine on the floor from February 5-7, 2022. (Doc. 17-3 at 14-19).

On February 6, 2022, Plaintiff filed a grievance that stated: "put on suicide watch when not even suicidal." (Doc. 17-3 at 14). He received a response from a nurse later that evening, which stated: "You were placed on watch due to statements made when you were seen in medical. It was done at the discretion of security and medical staff." *Id.* Even if this grievance could be construed as complaining about Defendant Eddlemon placing him on suicide watch in retaliation for asking to speak with his attorney, Plaintiff failed to exhaust his administrative remedies because he did not appeal the response he received, as required by the Inmate Handbook.

In his initial response (Doc. 22), Plaintiff renewed his request for counsel and indicated he was missing copies of his grievances, although dozens were attached to Defendants' motion. (*See* Doc. 17-3). On April 25, 2023, the Court denied Plaintiff's motion for appointment of counsel and gave him a final extension of time to file a response to Defendant's motion. (d/e 4/25/2023). The Court instructed Plaintiff to explain if he filed any grievance which specifically addressed his surviving claim, and if so, to state when he filed it, how he filed it, and what was included in the grievance. *Id.*

In his supplemental response, Plaintiff states he filed grievances, "GTL messages," and notified family members regarding Defendant Eddlemon's actions. (Doc. 27). Plaintiff asserts the Jail deleted his grievances between June 2021 and December 2021 pertaining to Defendant Eddlemon and the incident in February 2021. Plaintiff also states that defense counsel "absolutely know the inner workings of the PCJ, they know there are cameras, witnesses, documentation, mental health staff who witnessed … the incident of abuse by Defendant Eddlemon…." *Id.* Plaintiff did not indicate if he filed a specific grievance regarding his surviving claim, when he filed it, how he filed it, and what was included in the grievance, as the Court instructed. (*See* d/e 4/25/2023).

Plaintiff did not present any evidence of a grievance that would serve to exhaust his First Amendment retaliation claim against Defendant Eddlemon. The Court finds that Plaintiff did not follow the administrative process required by the Jail's Inmate Handbook. It is undisputed that Plaintiff failed to appeal any of the responses made by medical or jail personnel to his grievances. Therefore, Plaintiff failed to exhaust his administrative remedies. Defendant's Motion for Summary Judgment is GRANTED. This case is now closed.

**IT IS THEREFORE ORDERED:**

1) Defendant's Motion for Summary Judgment [16] is GRANTED. This action is DISMISSED with prejudice. Plaintiff takes nothing. The parties will bear their own costs. The Clerk is directed to enter judgment and close this case.

2) Although Plaintiff's case has been dismissed, he remains responsible for the remainder of the $350.00 filing fee. Plaintiff's Motion to Postpone Withdrawal of Filing Fees [28] is DENIED.

3) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a).

4) If Plaintiff wishes to proceed *in forma pauperis* on appeal, his motion for leave to appeal *in forma pauperis* must identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* FED. R. APP. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED: 5/26/2023

s/ James E. Shadid
James E. Shadid
United States District Judge